**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Weiss, et al., | No. CV-19-03377-PHX-JZB |
| Plaintiffs, | **ORDER** |
| v. | |
| American Airlines Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant American Airlines, Inc.'s (AA) Motion for Summary Judgment. (Doc. 50.) The Motion is fully briefed. (*See* Doc. 51 (Defendant's Statement of Facts); Doc. 54 (Plaintiff's Response); Doc. 55 (Plaintiff's Controverting Statement of Facts); Doc. 56 (Defendant's Reply).) After review, the Court will deny Defendant's Motion for Summary Judgment.

**I.     Background.**

The following facts are undisputed unless otherwise noted. The Court will consider a fact undisputed "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e); LRCiv 56.1(b).

On September 8, 2017, Plaintiff Iris Weiss was a ticketed passenger aboard AA Flight 1598, traveling from Phoenix Sky Harbor Airport (PHX) to Newark Liberty International Airport (EWR), New Jersey. (Doc. 51, ¶ 1; Doc. 1-3, ¶ 8.) At the time, Iris

1    was 69 years old. (Doc. 51, ¶ 2.) Approximately 45 minutes into the flight, Iris left her seat

2    to go to the lavatory. (*Id.*, ¶ 4.) Plaintiff was sitting in the fifth row from the back of the

3    aircraft. (*Id.*, ¶ 5.) Upon leaving the lavatory, Iris "felt dizzy" and "thought [she] was going

4    to pass out." (Doc. 51-1, Ex. 1, at 5 (Plaintiff's Deposition); Doc. 51, ¶ 6.) Iris asked the

5    flight attendant multiple times to sit in the jump seat in the back of the plane but was refused

6    each time. (Doc. 51, ¶¶ 8, 11; Doc. 55 at 4, ¶¶ 3, 6-7.)

7            Iris moved into the galley, instead of toward her seat, and used the beverage cart to

8    steady herself. (Doc. 51, ¶ 15.) Iris stood in the galley long enough for the flight attendant

9    to provide her with water and juice. (*Id.*, ¶ 18.) Plaintiff did not ask for assistance back to

10   her seat. (*Id.*, ¶ 19.) "After an unknown amount of time, Plaintiff fainted." (*Id.*, ¶ 21.) Iris's

11   loss of consciousness caused her to fall to the ground, breaking her ankle and her heel.

12   (Doc. 55, at 4, ¶ 13.)

13           On March 19, 2019, Plaintiffs filed their complaint in the Maricopa County Superior

14   Court. (Doc. 1-3.) On March 25, 2019, Plaintiffs filed an amended complaint. (*Id.*) In their

15   amended complaint Plaintiffs seek damages from Defendant AA for Iris Weiss's injuries

16   suffered because of her fall and Nathan Weiss's resulting loss of consortium. (*Id.*) Plaintiffs

17   argue that AA breached its duty as a common carrier to provide reasonable aid to an ill

18   passenger. (*Id.*, ¶ 22.) On May 22, 2019, the case was removed to this Court under

19   28 U.S.C. § 1332.

20           On January 29, 2021, Defendant AA filed their Motion for Summary Judgment.

21   (Doc. 50.) On March 25, 2021, Plaintiffs filed their Response. (Doc. 54.) On April 6, 2021,

22   Defendant filed its Reply. (Doc. 56.)

23   **II.      Legal Standard.**

24           The moving party seeking summary judgment "bears the initial responsibility of

25   informing the district court of the basis for its motion, and identifying those portions of

26   [the record] which it believes demonstrate the absence of a genuine issue of material fact."

27   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court may issue summary

28   judgment if the facts viewed in the light most favorable to the nonmoving party

1   demonstrate "that there is no genuine dispute as to any material fact and the movant is
2   entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The purpose of summary
3   judgment is to expedite the business of the court and to "isolate and dispose of factually
4   unsupported claims." *Orme School v. Reeves*, 802 P.2d 1000, 1004 (Ariz. 1990); *Celotex*
5   *Corp.*, 477 U.S. at 323 (1986). The Court must draw "all justifiable inferences" in favor of
6   the nonmoving party. *Orme School*, 802 P.2d at 1009. Thus, summary judgment should be
7   denied if reasonable minds could disagree on the inferences drawn from undisputed facts.
8   *Adickes v. S. H. Kress Co.*, 398 U.S. 144, 157 (1970); *Fresno Motors LLC v. Mercedes-*
9   *Benz, USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

10  **III.    Analysis.**

11          In the Motion, Defendant seeks summary judgment against Plaintiff on all claims.
12  Specifically, Defendant argues: (1) it did not breach its duty of reasonable care to Plaintiff;
13  (2) Plaintiff discharged Defendant of any duty owed to Plaintiff; and (3) Defendant was
14  not the cause of Plaintiff's injuries. (Doc. 50.) The Court will address each argument.

15          **A.      Breach of the Reasonable Standard of Care.**

16          In general, "every person is under a duty to avoid *creating* situations which pose an
17  unreasonable risk of harm to others." *Nunez v. Pro. Transit Mgmt. of Tucson, Inc.*, 271
18  P.3d 1104, 1108 (Ariz. 2012) (citing *Ontiveros v. Borak*, 667 P.2d 200, 209 (Ariz. 1983)).

19          Because common carriers have a special relationship with passengers, their
20          duties traditionally have extended beyond the mere obligation not to create a
              risk of harm. *See* Second Restatement § 314A(1)(a) and cmt. b. The special
21          relationship imposes a duty to avoid harm from "risks created by the
              individual at risk as well as those created by a third party's conduct."
22          Restatement (Third) of Torts ("Third Restatement"): Liability for Physical
              Harm § 40 cmt. g (Proposed Final Draft No. 1 2007);[2] *see also Ft. Lowell–*
23          *NSS Ltd. P'ship v. Kelly,* 166 Ariz. 96, 101, 800 P.2d 962, 967 (1990) (noting
              that common carriers "are often held to possess an affirmative duty to guard
24          the safety of their [passengers]"); Second Restatement § 314A cmt. d.

25  *Id.* In addition, a common carrier owes a duty to render passengers "first aid after it knows
26  or has reason to know that they are ill or injured, and to care for them until they can be
27  cared for by others," regardless of whether the carrier created the risk of harm. *Id.* (citing
28  Second Restatement § 314A(1)(b)).

1      But, "[t]he existence of a duty of care is a distinct issue from whether the standard

2  of care has been met in a particular case." *Gipson v. Kasey,* 214 Ariz. 141, 143 ¶ 10, 150

3  P.3d 228, 230 (2007). "Although they impose broader duties on common carriers than on

4  ordinary actors, the Restatements require only the exercise of 'reasonable care.'" *Nunez,*

5  271 P.3d at 1108; Second Restatement § 314A cmt. e (stating that even with special

6  relationships and affirmative duties "[t]he duty in each case is only one to exercise

7  reasonable care under the circumstances"); Third Restatement § 40 cmt. d.

8      Defendant argues it did not breach its duty of reasonable care to Plaintiff. (*Id.* at 6-

9  7.) While Defendant's argument is not a model of clarity, it appears to assert three points

10  in support of its position: (1) Defendant does not have a duty to violate FAA regulations to

11  assist a passenger by allowing her to sit in the jump seat; (2) Defendant's flight attendants

12  are not trained medical professionals and are only trained to recognize serious medical

13  conditions, and because lightheadedness is not typically indicative of a serious condition,

14  the care provided to Plaintiff was reasonable; and (3) Plaintiff could have prevented her

15  own injury. (Doc. 50 at 6-7.) Defendant's arguments are not persuasive.

16      Defendant's argument that the duty of reasonable care expected of common carriers

17  does not require a flight attendant to violate FAA regulations (*id.*) is not persuasive because

18  it construes Plaintiff's claim narrowly and ignores its gravamen. Plaintiff does not argue

19  that Defendant breached its duty by failing violate FAA regulations by allowing Plaintiff

20  to sit in the jump seat. Instead, Plaintiff argues that the flight attendant's response was

21  unreasonable because she failed to provide any alternative assistance after Plaintiff

22  announced she was going to pass out and asked to sit in the jump seat.

23      Moreover, Defendant acknowledges that a common carrier is required to "give

24  [passengers] first aid after it knows or has reason to know that they are ill or injured." (*See*

25  Docs. 50, 54.) *See also Nunez,* 271 P.3d at 1108 ("stating that even with special

26  relationships and affirmative duties [of common carriers,] '[t]he duty in each case is only

27  one to exercise reasonable care under the circumstances.'"). Although the existence of a

28  duty is a matter of law, "breach of duty . . . is an issue of fact that turns on the specifics of

1   the individual case." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). Summary judgment

2   is only appropriate in tort cases where "no reasonable juror could conclude that the standard

3   of care was breached." *Id.* at 230 n.1. The Court cannot conclude that no reasonable juror

4   could conclude that Defendant's failure to render alternative assistance to Plaintiff

5   constitutes a breach of Defendant's duty to provide reasonable care. Thus, Defendant's

6   entitlement to summary judgment is precluded.

7          Defendant's second argument also fails. Defendant concedes that its flight

8   attendants are trained to assess medical emergencies, obtain assistance, and treat symptoms

9   but are not to trained diagnose medical conditions. (*Id.*) Plaintiff does not allege that

10  Defendant failed to *diagnose* her condition. Rather, Plaintiff alleges that Defendant failed

11  to act reasonably in the face of Plaintiff's medical emergency. (*See* Doc. 54 at 4-5.)

12  Defendant does not show that no reasonable juror could find the flight attendant's conduct

13  unreasonable because she was not required to diagnose Plaintiff's medical condition.

14  Accordingly, an issue of fact remains, and summary judgment is not appropriate. *See*

15  *Gipson*, 150 P.3d at 230.

16         Defendant's third argument is similarly unpersuasive because comparative

17  negligence or fault is an issue of fact for the jury. *See Gunnell v. Arizona Pub. Serv. Co.*,

18  46 P.3d 399, 405 (Ariz. 2002) ("[I]n a negligence case, the jury is the sole arbiter of fact

19  and law as to the defenses of contributory and comparative negligence."). There is no

20  dispute that Defendant owed Plaintiff a duty of reasonable care in the face of a medical

21  emergency. Instead, the parties dispute whether the flight attendant's actions were

22  sufficiently reasonable to satisfy that duty under Arizona law. Such a question is an issue

23  of fact not appropriate for resolution on summary judgment.

24         Accordingly, the Court will deny Defendant's Motion for Summary Judgment on

25  this ground. *See* Fed R. Civ. P. 56(a).

26         **B.      Discharged from the Duty of Reasonable Care.**

27         Defendant next argues that Defendant was "discharged" from any duty owed.

28  (Doc. 50 at 7.) Specifically, Defendant argues that "[Defendant] rendered the aid that was

available for her to offer to Plaintiff when, and if, Plaintiff told her she was feeling faint. At that point, Defendant AA's duty was discharged. Any duty to render additional care did not exist until Plaintiff fell and hurt herself, creating a new situation with similar duties owed." (*Id.*) Defendant notes that, after Plaintiff fell, Defendant satisfied its new duty "by finding a medical professional to assist Plaintiff." (*Id.* at 7-8.) Defendant's arguments raise disputes of fact and are unpersuasive.

Under Arizona law, the standard of care consists of "[w]hat the defendant must do, or must not do." *Coburn v. City of Tucson*, 691 P.2d 1078, 1080 (1984) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 53, at 356 (5th ed.1984)). "Whether the defendant has met the standard of care. . . is an issue of fact." *Gipson*, 150 P.3d at 230. Even if facts are undisputed, summary judgment is still not proper if the parties disagree over the inferences drawn from those facts. *Adickes*, 398 U.S. at 158. Inferences from undisputed facts must be made in the light most favorable to the nonmoving party. *Id.*

As discussed above, whether Defendant's actions to aid Plaintiff were sufficient to satisfy Defendant's duty of reasonable care is a material issue of fact that prevents summary judgment in this action. Only a fact finder can properly determine if the flight attendant provided a reasonable amount of aid under the standard of care or if any of Plaintiff's actions discharged the flight attendant's duty. Otherwise, this Court would have to make inferences against the non-moving party, which is improper at summary judgment.

In its Reply, Defendant also argues that "AA logically cannot be liable for injuries purportedly due to the failure to render assistance if Plaintiff admits she would have refused that assistance." (Doc. 56 at 6.) Defendant cites to portions of Plaintiff's deposition, wherein Plaintiff stated: "I could have sat down, but I don't think I would have sat down [on the floor]" and "I was afraid to turn around." (Doc. 51-1, Ex. 1, at 7-8.) Defendant argues that this deposition testimony shows that any alternative assistance Defendant may have provided Plaintiff would have been refused anyway.

As an initial matter, Defendant provides no legal support for its position that Plaintiff's potential refusal of reasonable care discharges Defendant of any obligation to

- 6 -

1     attempt to provide that care. Even assuming *arguendo* that a plaintiff's certain refusal of

2     care does discharge any duty owed by a defendant, an issue of fact would still preclude

3     summary judgment because it is not clear from the cited deposition transcript that Plaintiff

4     would have rejected any assistance that Defendant attempted to provide. (*See* Doc. 51-1 at

5     7.) To be sure, Defendant asked Plaintiff "Was there enough room in the hallway that you

6     are standing in for you to sit down on the ground?" (*Id.*) Plaintiff answered:

7               You know what, I didn't -- I was so frightened, and I never passed out before.
                I didn't even -- you know, yes, I could have sat down, but I don't think I
8               would have sat down. You know, in your mind, when you're scared and
                you're frightened and you know you're going to go down, pass out. I didn't
9               want to pass out, so I grabbed the first thing I could to hopefully not pass out,
                but I -- it -- I just went down.
10

11    (*Id.*) Plaintiff's answer does not state, as Defendant implies, that Plaintiff would have

12    rejected any alternative assistance offered by Defendant. Rather, it seems to indicate that

13    Plaintiff had not thought to sit on the ground and would probably not have decided to do

14    so on her own. Because the Court finds that an issue of fact exists as to whether Defendant

15    rendered sufficient aid to "discharge" Defendant of its duty, summary judgment is

16    improper on this issue and will be denied.

17          **C.     Causation.**

18          Lastly, Defendant argues that Plaintiff's claims should be dismissed because

19    Defendant did not cause Plaintiff's injuries. (Doc. 50. at 8.) Specifically, Defendant argues

20    that "AA did not proximately cause Plaintiff's injury by failing to offer aid because the aid

21    Plaintiff claims Defendant AA should have offered related to decisions Plaintiff had

22    already rejected." (Doc. 56 at 7.) In response Plaintiff argues that proximate cause is an

23    issue of fact not appropriate for resolution on summary judgment. (Doc. 54 at 6.) The Court

24    agrees.

25          In Arizona Tort Law, proximate cause is defined as "that which, in a natural and

26    continuous sequence, unbroken by any efficient intervening cause, produces an injury, and

27    without which the injury would not have occurred." *McDowell v. Davis*, 448 P.2d 869, 871

28    (Ariz. 1968). Causation is a "factual [issue] usually decided by the jury." *Gipson*, 150 P.3d

1  at 230. Summary judgment is not appropriate unless no reasonable juror could find in the

2  nonmoving party's favor regarding the causation element. *Id.* at 230 n.1.

3        Here, the parties' dispute over the causation of Plaintiff's injuries is an issue of fact

4  that precludes summary judgment. Fed. R. Civ. P. 56(a). Furthermore, to the extent

5  Defendant contends that Plaintiff was contributorily negligent, resolution of such

6  arguments is inappropriate at summary judgment. *Markowitz v. Arizona Parks Bd.*, 706

7  P.2d 364, 370 (Ariz. 1985). Accordingly, the Court will deny Defendant's Motion.

8        **IT IS ORDERED** that Defendant's Motion for Summary Judgment (doc. 50) is

9  **denied**.

10        Dated this 10th day of August, 2021.

11

12                          Honorable John Z. Boyle

13                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28